HICKMAN ET, PLAINTIFFS, *v.* PORTSMOUTH (CITY) ET, DEFENDANTS.

Common Pleas Court, Scioto County.

No. 47267.   Decided March 8, 1962.

*Messrs. Blair & Watkins*, for defendants.

*Mr. Robert E. Dever*, for defendant, Ray Thompson.

*Mr. Edward V. Leach, Jr.*, for the defendants, City of Portsmouth, Chester P. Fitch, Everett Thuma, Chester Allen, George T. Meholick and James D. Williams.

THOMPSON, J. This cause is now before this court on the

defendants' demurrer to the plaintiffs' amended petition. The defendants demur on two grounds, viz., that the petition does not state facts which show a cause. of action and that the court has no jurisdiction of the subject matter of the action.

This action is for an injunction and seeks to restrain the members of the Civil Service Commission from certifying the results of a civil service examination held for promotions in the Police Department of the City of Portsmouth and from certifying the payment of salaries for Lt. Ray Thompson, to restrain the City Auditor from paying the said salaries, to restrain the City Manager from making any appointments of Detective Special and that Ordinance No. 71 of the year 1960 be declared invalid and void.

Plaintiffs quote Ordinance No. 71 of the year 1960, also quote parts of Ordinance No. 57 of the year 1942 and Sections 38, 76, 31 and 63 of the Charter of the City of Portsmouth.

The pertinent part of the Plaintiffs' petition and the part that the court must consider in determining whether or not a cause of action is stated, is contained in the following paragraphs:

"Plaintiffs further say that Ray Thompson, heretofore designated as Lieutenant pursuant to the provisions of the above quoted Ordinance No. 71, assumed and occupied his respective position as Lieutenant by taking a competitive promotional Civil Service Examination when at said time of taking said examination he was a Detective-Special and as such Detective-Special he received compensation as such Detective-Special in the sum of Four Hundred, Fifteen Dollars ($415.00) per month, and also received other compensation in January of 1961 in the sum of Thirty-Seven Dollars and Fifty Cents ($37.50) out of the Treasury of the City of Portsmouth, Ohio, as set forth in Ordinance No. 71 year 1960 and by reason thereof, is not entitled to be compensated as a Lieutenant as the payment of said compensation is in violation of Sections 143.34 and 731.08, Revised Code.

"Further, that said Defendant, Ray Thompson, was regularly appointed a Sergeant of the Portsmouth Police Department prior to his appointment as a Detective Special and received the same compensation as a Sergeant as he did, as set

508

forth above, as a Detective Special, with the exception of $37.50 which he received pursuant to Section 2.13G under subsection Public Safety Classification as shown on Page 3 of plaintiff's amended petition.

"Plaintiffs say further that on Thursday, September 28, 1961, the defendants, Chester P. Fitch, Everett Thuma and Chester Allen, being the Civil Service Commission of the City of Portsmouth, held a competitive promotional Civil Service Examination for the purpose of certifying the results thereof so that a member taking the said examination of the Police Department may be appointed to the rank of Detective-Special and that the said Civil Service Commission will certify said results to the said City Manager who will appoint one or more of the Police Department members to the rank of Detective-Special.

"Plaintiffs say further that the said defendant, George T. Meholick, City Manager, will appoint one or more of the Police Department members to the rank of Detective-Special; that the defendants, Chester P. Fitch, Everett Thuma and Chester Allen as the Civil Service Commission, are required to and it is one of their duties to certify the results of said competitive promotional Civil Service Examination and to certify the payroll for the said Detective-Special, and for the said Lieutenant, Ray Thompson, as the said James D. Williams is the officer of the defendant, City, authorized after the said Civil Service Commission has certified the payment of said salary to said Detective-Special and Lieutenant Ray Thompson, to pay the same, and unless restrained and enjoined, said officers will appoint a member or members of the Police Department Detective-Special and said Civil Service Commission will certify said results and certify payment of said salary as Detective-Special, and Lieutenant Ray Thompson to the said James D. Williams and said Detective-Special and Lieutenant Ray Thompson will be paid by the said James D. Williams, being in violation of Ordinance of City of Portsmouth No. 57, Section 2 and in violation of Sections 143.34 and 731.08, Revised Code.

It is apparent that the gist of Plaintiffs' complaint is that Ordinance No. 71 of the year 1960 is in violation of Sections 143.34 and 731.08, Revised Code, and is therefore void. There-

fore, the court must first consider to what extent, if any, these sections are controlling in the operation of the Portsmouth Police Department and if they are controlling, to what extent is Ordinance No. 71 in conflict therewith, and is Ordinance No. 71 and the actions of the defendants thereunder void.

If the plaintiffs are correct in their assumptions that these sections of the Revised Code are controlling and that Ordinance No. 71 is in conflict therewith, and if they have pleaded facts sufficient to bring this in issue, then the demurrer would have to be overruled. If these sections are not controlling or if Ordinance No. 71 is not in conflict, therewith, or if the actions of the city officials are not controlled thereby, or in conflict therewith, then the demurrer will of necessity be sustained.

Plaintiffs allege at the outset that the City of Portsmouth is a Municipal Corporation having a City Charter and then later, in their petition, quote several sections of the charter. The plaintiffs having alleged that the City of Portsmouth is a charter city, have they stated a cause of action when they claim that Ordinance No. 71 is in conflict with Sections 143.34 and 731.08, Revised Code? In other words, what, if any, significance do these code sections have to a charter city?

Article XVIII, Section 7 of the Constitution of Ohio provides:

"Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of Section 3 of this article, exercise thereunder all powers of local self government."

Section 3 referred to in Section 7 provides:

"Municipalities shall have authority to exercise all powers of local self government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The Supreme Court of Ohio in the case of *State, ex rel. Bindas* v. *Andrish*, 165 Ohio St., 441, held:

*Syllabus No. 1*: "Although the Ohio Constitution limits the authority of municipalities to adopt and enforce 'police, sanitary, and other similar regulations' to such regulations 'as are not in conflict with general laws,' there is no such limitation with respect to the 'authority to exercise all (other) powers of local self government.' "

With respect to the meaning of Section 3 of Article XVIII, the Supreme Court in *Fitzgerald* v. *Cleveland*, 88 Ohio St., 338, at page 359 said:

"Concerning the provisions in Section 3, Article XVIII (may adopt such local police, sanitary and other similar regulations as are not in conflict with general laws), the general laws referred to are obviously such as relate to police, sanitary and other similar regulations and which apply uniformly throughout the state. They involve the concern of the state for the peace, health and safety of all of its people, wholly separate and distinct from, and without reference to, any of its political subdivisions—such as regulate the morals of the people, the purity of their food, the protection of the streams, the safety of buildings and similar matters."

That the home rule power is derived direct from the Constitution was decided by the Supreme Court in *Village of Perrysburg* v. *Ridgeway*, 108 Ohio St., 245. Syllabus 1 and 3 read as follows:

*Syllabus No. 1:* "Since the Constitution of 1912 became operative, all municipalities derive all their 'power of local self government' from the Constitution direct, by virtue of Section 3, Article XVIII thereof."

*Syllabus No. 3:* "The above constitutional grant of power to municipalities is 'self-executing' in the sense that no legislative action is necessary in order to make it available to the municipality."

The organization and regulation of a city's police force as well as its Civil Service functions are within the municipality's powers of local self government. *Marsney* v. *Allen, Chief of Police*, 160 Ohio St., 36, 50 Ohio Opinions, 492; *State, ex rel. Lintz,* v. *Edwards*, 90 Ohio St., 305; *Lapolla* v. *Davis*, 55 Ohio Law Abs., 490 (motion to certify overruled, 151 Ohio St., 550).

Section 731.08, Revised Code, which plaintiffs refer to reads as follows:

"*Section 731.08, Revised Code: Power of legislative authority as to salaries and bonds.*—Except as otherwise provided in Title VII of the Revised Code, the legislative authority of a city, by ordinance or resolution, shall determine the number of officers, clerks, and employees in each department of the city

government, and shall fix, by ordinance or resolution, their respective salaries and compensation, and the amount of bond to be given for each officer, clerk, or employee in each department of the government, if any is required. Such bond shall be made by such officer, clerk, or employee, with surety subject to the approval of the mayor."

Title VII referred to therein, is the title to the part of the Revised Code dealing with Municipal Corporations and includes Chapters 701 to 759 inclusive. Since the home rule authority of the City of Portsmouth is derived directly from the Constitution and has been set forth by the citizens of Portsmouth in its city charter, this provision of the Revised Code has no operative affect upon the City of Portsmouth, the city charter being the controlling authority.

Plaintiffs also claim that Ordinance No. 71 is in conflict with Section 143.34, Revised Code. This section being a part of the Civil Service Law of Ohio and the people of the City of Portsmouth by Section 63 of the Charter, having adopted the Civil Service Law of the state as applicable to the city, this section is applicable and controls promotions in the Police Department.

Plaintiffs allege that the defendant, Ray Thompson, was regularly appointed a Sergeant prior to his appointment as a Detective Special and received the same compensation as a Sergeant as he did as a Detective Special except for the extra $37.50 clothing allowance, provided for all Detective Special. The Ordinance provides for the same salaries for Sergeants as for Detective Special.

Our understanding of the holding of the Supreme Court of Ohio in the case of *State, ex rel. Wolcott* v. *Celebrezze*, 141 Ohio St., 627, is that salary is the determining factor in determining rank. If our interpretation of that case is correct, then the rank of Sergeant and Detective Special are of the same rank for promotional purposes if the clothing allowance is not considered. If clothing allowance for the Detective Special is considered, then Detective Special is a higher rank than Sergeant and is still the next lower rank below a Lieutenant and promotions to the rank of Lieutenant under those circumstances would have to be made from the rank of Detective Spe-

cial. Therefore, there has been no violation of Section 143.34, Revised Code.

The second ground for demurrer is that the court has no jurisdiction of the subject matter of the action. Defendants cite Section 2733.01 et seq., Revised Code, as authority. The pertinent part of this section is as follows:

"A civil action in quo warranto may be brought in the name of the state:

"(A) against a person who usurps, intrudes into or unlawfully holds or exercises a public office, civil or military, or a franchise within this state or an office in a corporation created by the authority of this state;"

On this point we cite the case of *State, ex rel. Attorney General,* v. *Jennings et al.,* 57 Ohio St., 415. Syllabus paragraphs 2 and 3 read as follows:

2. "To constitute a public office, against the incumbent of which *quo warranto* will lie, it is essential that certain independent public duties, a part of the sovereignty of the state, should be appointed to it by law, to be exercised by the incumbent, in virtue of his election or appointment to the office, thus created and defined, and not as a mere employe, subject to the direction and control of some one else."

3. "Where, in pursuance of an ordinance, a fireman is employed by the council to perform the usual duties of a fireman; who has no control of the fire department, or its property other than in the use of it; performs his duties subject to the chief of the department and the city council; and is paid by the month for his services, he is not a public officer; and cannot be ousted from his employment by a proceeding in *quo warranto*, on the ground that he should have been appointed by the mayor with the advice and consent of the council."

We feel that the position of city fireman is comparable to that of city policeman and therefore a city policeman is not a public office which would bring the position within the remedy provided by quo warranto.

The defendants demurrer will be sustained on the ground that the plaintiffs' petition does not state a cause of action and for the reasons herein heretofore stated.