John P. Donohoe, J.
This petition for an order in the form of a mandamus to compel the respondents to permit petitioner, and other persons similarly situated, their lawful rights to vote on the 1970-1971 school budget is granted.
In this proceeding under CPLR article 78, the petitioner seeks to compel the Board of Education of a Union Free School District of a town to submit the annual school budget to a vote of the qualified voters of the district. The respondents, who are members of the Board of Education, defend upon two grounds. The first is that the court lacks jurisdiction to adjudicate the dispute because sections 310 and 2037 of the Education Law provide an appeal to the Commissioner of Education as the exclusive remedy for persons aggrieved by the acts of school officials. The second is that Union Free School District No. 1 of the Town of Ossining was created by an act of the Legislature which granted the board authority to establish, determine and certify the budget without submitting it to a vote of the electorate.
It is true that in 1910 the Legislature of the State of New York immunized school officials from judicial review with the enactment of section 890 of the Education Law. That statute, with certain amendments, has become section 310 of the Education Law, which, for purposes of the matter under consideration, provides ‘ ‘ final and conclusive ’ ’ review to the Commissioner of Education of any ‘ ‘ official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any act pertaining to common schools”. It also appears that in 189,2 (L. 1892, ch. 556, tit. 8, § 14), the Legislature enacted the statutory ancestor of section 2037 of the Education Law, which reads: ‘1 All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting or election shall he referred to the commissioner *933 of education for determination and his decisions in the matter shall he final and not subject to review. The commissioner may in his discretion order a new meeting or election. ’ ’
The respondents rely upon the two statutes referred to above as authority for the proposition that the court may not entertain this application for relief.
Regardless of the apparent creation of an exclusive administrative remedy, a body of decisional law has grown up through the years which preserves to the courts their proper power to adjudicate issues which are entirely legal. Relevant to the issue before this court are the decisions in Board of Educ. v. Rickard (32 A D 2d 135) and Matter of O’Connor v. Emerson (196 App. Div. 807, 810). The principle set forth in the latter ease, and reasserted in the former is, “ But where the right of a party depends upon the interpretation of a statute and it is claimed that a school board or official has proceeded to act in violation of an express statute, and thereby the party complaining is being deprived of valuable rights, the courts will not be ousted of jurisdiction to determine the matter, notwithstanding another method of settling the controversy has been provided. ’ ’
The question presented in this proceeding falls precisely within the precedents which have been cited. The petitioner relies upon section 2022 of the Education Law, which states (subd. 3): “ In all propositions arising at said district meetings, involving the expenditure of money, or authorizing the levy of taxes, the vote thereon shall be by ballot, or ascertained by taking and recording the ayes and noes of such qualified voters attending and voting at such district meetings.”
The respondents, on the other hand, contend that they are not bound by the mandates contained in section 2022 because Union Free School District No. 1 of the Town of Ossining was incorporated by a special act of the Legislature as a part of chapter 337 of the Laws of 1909, as amended, which says: “ § 9. It shall be the duty of the board of education, on or before the first day of July of each year to establish, determine and certify the amount of money, in addition to the funds available for school purposes as provided by law, and such public money as may be apportioned to the district, that will be required to support all the schools under their charge during the ensuing year, but the said amount shall in no case exceed six times the whole amount of funds received from other sources ‘ for the support of schools ’ that shall have been apportioned for the year preceding. The supervisor of the town of Ossining shall, on the presentation of the said certificate of the board of education, specifying the amount of school moneys necessary to be raised *934 for said district, authorized as aforesaid, prepare a separate tax list and assess therein the required amount of school moneys, upon the taxable property within the said school district, according to the assessed valuation thereof in the town assessment roll of that year, and shall deliver such tax list to the town collector of the town of Ossining; and the said sum required to be raised as aforesaid, shall be inserted in each year in the supervisor’s warrant to the collector of the town of Ossining, as aforesaid; and it shall be the duty of the .said collector to collect the same with other yearly taxes, and he shall pay over the whole amount certified to be necessary, exclusive of the fees of collection, to the treasurer of the board of education of said school district, within the time required by said warrant for the payment of town and county taxes; and any violation or neglect of official duty under this act shall be deemed and is hereby declared to be a breach of his official bond as such collector; and in collecting such taxes, the said collector shall have the same powers he now has in the collection of town and county taxes, and he shall be subject to the same duties and obligations; and the county treasurer of the county of Westchester, upon the complaint of said board of education, or any member thereof, shall have the same power to compel payment by the said collectors, of any taxes collected or received by him by virtue of this act, as he now has to compel town collectors to pay over town or county taxes collected or received by them.”
Respondents argue that section 2022 does not expressly or impliedly repeal the charter provisions under which the school district has functioned, without popular vote, for more than 50 years.
First of all, it is observed that section 9 of the respondents’ charter, quoted above, does not expressly negate the requirement of a vote upon the budget. Neither does it require a vote. It is simply silent on that subject. The parties point out in their papers that the voters of their district have never voted upon budgets, and one cannot help wondering whether this practice has been sanctioned by lethargy, indifference and resort to precedent over the years, rather than by application of the law. It has not been brought to the attention of the court whether anyone has ever challenged this unusual fiscal autocracy in the past. The predecessor to section 2022 of the Education Law has been on the statute books since at least 1909.
The arguments of counsel revolve around the question whether section 2022 effectively repeals the respondents’ charter. But that is not the issue. It is, rather, that section 2022 limits and defines the authority granted by the charter. *935 Section 2022 is contained in article 41, part I of the Education Law. The final section of that part is section 2038, which says “ The provisions of part one of this article shall apply to all school districts except as otherwise provided by article fifty-three of this chapter, and except to city school districts of cities with one hundred twenty-five thousand inhabitants or more”. Section 2038 was added by chapter 801 of the Laws of 1953. It does not alter the applicability of the laws under consideration, which became effective many years before, but it does serve to reinforce the opinion that section 2022 applies with equal force to all of the school districts of the State other than those specifically excluded by the words of section 2038.
Despite the interpretation which has been placed upon the words of the 1909 charter by the respondents and their predecessors, and tacitly permitted by the voters of the district for many years, it is illegal to deny them the right to vote upon the budget.