Carrol S. Walsh, J.
The petitioner herein seeks an order directing the respondents to place his name on the ballot for the election of candidates for member of the Board of Education of the city school district of the City of Schenectady, said election to be held May 2, 1972. The petitioner heretofore has filed with the proper office as a candidate, his petition, with more than the required signatures thereon, but respondents refuse to place his name on the ballot, contending that he is prohibited from holding office as a member of the Board of Education because, as a policeman of the City of Schenectady, he holds a city office and subdivision 7 of section 2502 of the *801 Education Law, applicable to the city school district of the City of Schenectady, provides that no person shall hold at the same time the office of member of the Board of Education and any city office. Respondents consider petitioner as an ineligible candidate and, pursuant to the provisions of subdivision 2 of section 2608 of the Education Law, refuse to place his name on the ballot.
Petitioner asserts that he does not hold a city office: that as a city patrolman in the Police Department he is merely an employee of the City of Schenectady and therefore as such he is eligible to become a member of the Board of Education.
Respondents have moved that the order to show cause herein be dismissed on the ground that this court lacks jurisdiction to hear and determine the issue. Respondents cite section 2037 and subdivision 7 of section 310 of the Education Law in support of their position that the dispute must be referred to the Commissioner of Education, that his jurisdiction is exclusive and his determination final. However, respondents’ motion to dismiss on the ground that this court lacks jurisdiction to hear and determine this matter is denied. Section 2037 of the Education Law applies only to disputes concerning the validity of a district meeting or the validity of a district election and is not applicable to the situation presented here. Section 310 of the Education Law states that any person conceiving himself aggrieved may appeal or petition to the Commissioner of Education, but this implies a voluntary rather than a mandatory election to do so. Petitioner in this case has elected to seek remedy in this court, seeking an interpretation of a statute and it has been held that where the right of a party depends on the interpretation of a statute and it is claimed that a school board or officer has proceeded to act in violation of an express statute, and thereby the party complaining is being deprived of valuable rights the courts will not be ousted of jurisdiction to determine the matter, notwithstanding another method of settling the controversy has been provided. (Matter of O’Connor v. Emerson, 196 App. Div. 807; Board of Educ., Cent. School Dist. No. 1 v. Richard, 32 A D 2d 135; Primps v. Board of Educ., 63 Misc 2d 931.) It is therefore held that this court does have jurisdiction in this matter.
As to the issue presented, this court holds that petitioner is an officer of the City of Schenectady, as opposed to a mere employee, and holds a public, city office. The position of police patrolman in a city is one created and conferred by public authority, a creation of law and statute, and the rights, author *802 ity and duties of the office are likewise conferred by law. An individual appointed to the position is invested with some part of the sovereign functions of the government to be exercised by him for the benefit of the public, for a given period either fixed by law or enduring at the pleasure of the creating power, and tenure is not transient, occasional or incidental. (Kingston Assoc. v. La Guardia, 156 Misc. 116.) The essential element in a public office is that the duties to be performed shall involve the exercise of some portion of the sovereign power, whether great or small. (People ex rel. Corkhill v. McAdoo, 98 App. Div. 312; People ex rel. Hoefle v. Cahill, 188 N. Y. 489.) A mere employee of a municipality differs from an officer in that the employee’s duties are nongovernmental, do not involve the exercise of some portion of the sovereign power, arise out of contract and depend for their duration or extent upon a contractual basis. A public officer holding an office has independent official status; a public employee merely has rights under a contract of employment. (Matter of Dawson v. Knox, 231 App. Div. 490.)
Petitioner, as a policeman in the City of Schenectady, was appointed by public authority to a position which was created by public authority. He has the duty of preserving law and order in the community, protecting its residents, enforcing the law. In so carrying out his duties, he is exercising some portion of the sovereign power, which is responsible for the preservation of order and the protection of people. He has to exercise independent judgment when carrying out his duties, which carries with it grave reponsibilties, and is clearly a delegation to him of sovereign power. His position carries tenure and independent official status, and he can only be removed for misbehavior or misconduct, and then only after charges have been preferred and proven. The position of patrolman in the Police Department of the City of Schenectady contains all the indicia and criteria of public office.
The holding of this court is not without precedent. Judge Cakdozo in Matter of Ryan v. City of New York (228 N. Y. 16) stated in regard to a city police patrolman, that ‘ ‘ His occupation was that of a patrolman, and his position a public office, with functions which, however diverse, have an identity all their own.” (Italics supplied.) In Sullivan v. Whitney (25 N. Y. S. 2d 762) the court held a policeman to be a local public officer; and in Miller v. City of Albany (158 Misc. 720) it was held that ordinarily firemen and policemen are not classified as city employees, but as governmental agents of the State performing *803 duties of a public character for the benefit of all the citizens of the community. As to policemen, the Court of Appeals held in Canteline v. McClellan (282 N. Y. 166) that there is no doubt but that they are public officers.
There, petitioner, as a holder of a city office, cannot at the same time hold the office of member of the Board of Education of the City School District of the City of Schenectady.
Does this mean, however, that he is ineligible to run as a candidate ?
Subdivision 7 of section 2502 of the Education Law reads in part as follows: “No person shall be eligible to the office of member of the board of education who is not a qualified voter of the city school district and who has not been a resident of such district for a period of at least three years immediately preceding the date of his election; provided, however, that no person shall hold at the same time the office of member of the board of education and any city office ”. Since petitioner is a qualified voter of the school district and complies with the residence requirements, is he eligible to run as a candidate for election, thus requiring his name to be added to the ballot, but if elected he must then choose, on or before the date of assuming office as a member of the Board of Education, which office he elects to hold?
The answer is no, he is not eligible, even under the wording of the statute, to run. Eligibility at the time of election as distinguished from qualification to take and hold office is not a new problem. Here we have a situation of a candidate who cannot hold the office he seeks if he continues to hold the office he now occupies. If he were to be elected to the Board of Education, one or the other must be abandoned by him, but which one would depend upon the whim and option of petitioner without reference to the will of the people who voted for him. An election under such circumstances would be illusory and sham if not an actual fraud upon the electorate and should not be permitted. (Matter of Burns v. Wiltse, 303 N. Y. 319.) A public statute should be given such a construction as to enable the electors to act intelligently and to accomplish the purpose they had in view. If it be held that the disqualification applies only to the holding of the office and not to the capacity of the candidate for election, then the electors can never know when voting for the office whether they will succeed in filling it or not. The result must depend on the future action of the candidate. The statute does not contemplate that a person who is disqualified to hold the office may, nevertheless, be lawfully elected upon *804 the chance he may subsequently by his own act remove the disqualification. Electors must be confined to the selection of such persons only as are not then under any legal disqualification. (People v. Purdy, 154 N. Y. 439.) The Court of Appeals in Matter of Lindgren v. Board of Elections of City of N. Y. (232 N. Y. 59) held that, “ a person to be nominated under the Election Law must be one who, at the time of his election can take and hold his office.” (Italics supplied.) Section 147 of the Election Law now provides that, “ A person shall not be nominated for a public office * * * (3) who, if elected, will not at the time of commencement of such office, meet the constitutional or statutory qualifications thereof.” Nomination of a candidate who is constitutionally or statutorily ineligible to serve is a nullity. (Matter of Brayman v. Stevens, 54 Misc 2d 974, affd. 28 A D 2d 1090, affd. 20 N Y 2d 868.)
Whether the Election Law pertains to a city school district election or not, the legislative intent is clear as to candidates for office under the Election Law, as are the precedents of our courts in similar situations, and there is no .reason to make an exception in the case of a candidate in a school district election. The petitioner is thus held to be an ineligible candidate for election to the Board of Education by reason of his present disqualification to hold the position if elected.
Finally, petitioner questions the constitutionality of subdivision 7 of section 2502 of the Education Law (art. 51) as it applies to the ineligibility of one holding a city office to become at the same time a member of the Board of Education, upon the grounds that it is arbitrary and discriminatory, and that there is no similar prohibition in any other sections of the Education Law pertaining to all other school districts except city school districts with less than 125,000 inhabitants. The law creates a presumption that a statute is constitutional, and unless no rational basis for it can be determined, a court will not take such an extreme step as to declare it unconstitutional. Here we have a legislative enactment prescribing qualifications for holding office in a city school district having a population of less than 125,000 inhabitants. In the judgment of the Legislature there may be many valid and rational reasons why a member of the Board of Education in such a school district may not hold at the same time a city office, which would not pertain to other type or size school districts. Such a legislative enactment is supported by a strong presumption of constitutionality, and while rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt. (Wiggins v. Town of *805 Somers, 4 N Y 2d 215; Matter of De Hond v. Nyquist, 65 Misc 2d 526.) No such demonstration is here made by petitioner, and this court does not hold that the statute in question is unconstitutional.
Petitioner’s application for an order to place his name on the ballot as a candidate for election to membership on the Board of Education of the city school district of the City of Schenectady is denied.