Guy A. Graves, J.
The petitioner has brought an article 78 proceeding to set aside the action of the Board of Education as being arbitrary and capricious and upon the further ground that the respondent’s action in locking petitioner’s name off the ballot violated the petitioner’s constitutional rights under the due process clause of the Fourteenth Amendment and that further the same violated the petitioner’s constitutional rights under the Twenty-Sixth Amendment of the United States Constitution.
*1092 The facts are not disputed. The petitioner, Susan Spencer, is 18 years of age. It appears that the petitioner, Susan Spencer, filed petitions pursuant to section 2608 of the Education Law containing a sufficient number of signatures to be designated as a candidate for election to the Board of Education for the City of Schenectady. She was a resident of said city and has been so for over a period in excess of three years. The petitions were filed with the Clerk of the said respondent board on April 12, 1972 and were accepted by the said Clerk. Her name was placed on the ballot for the election which was to be held on May 2,1972. On April 28,1972, the Attorney ^General of the State of New" York issued an opinion which declared that pursuant to section 3 of the Public Officers Law no person may hold the office of a member of a Board of Education who has not attained the age of 21 years. On the eve of election, namely, ori/May 1, 1972, the said Board of Education met and voted that the' voting key below the petitioner’s name on the ballot would be locked so that no eligible voter appearing at the polling place on the day of election would be able to vote for the petitioner. The petitioner, Susan Spencer, was notified on May 2, 1972 of this decision.
The respondent Board of Education has opposed the application on the ground that the court is without jurisdiction to hear and determine the issues involved. The respondent cites section 2037 of the Education Law in support of its position that the dispute must be referred to the Commissioner of Education, and that his jurisdiction is exclusive and his determination is final.
The court here determines that it has jurisdiction of the subject matter since the questions raised by the pleadings concern the interpretation of statutes and as well as the constitutional rights of the petitioner herein. Questions involving the right of candidacy are properly before the court. (See Matter of Ferraro v. City School Dist. of City of Schenectady, 69 Misc 2d 800, afíd. 39 A D 2d 645; Matter of O’Connor v. Emerson, 196 App. Div. 807; Board of Educ. Cent. School Dist. No. 1 v. Rickard, 32 A D 2d 135; Primps v. Board of Educ. Union Free School Dist. No. 1, 63 Misc 2d 931.)
The Board of Education further takes the position that it acted properly in accordance with subdivision 2 of section 2608 of the Education Law which specifically provides as follows: ‘ ‘ The board of education shall cause to be printed official ballots containing the names of all candidates as above provided, except that the board may refuse to have the names of ineligible candidates placed on such ballots.” The Board of Education *1093 pursuant to said section is thus claimed to have an unrestricted and unlimited power to eliminate or remove a candidate from the ballot. It must be noted here that at the time the Board of Education acted the printed official ballots were already in existence and it was not a case of refusing to have the name of the petitioner placed upon the official ballot in the first instance. What the Board of Education did here was to have the name blocked off and the lever locked after the name had been placed and printed on the so-called official ballot. The action of the board was taken at the last possible moment without any notice or any hearing being afforded to the aggrieved candidate, namely, the petitioner herein.
The petitioner contends that the procedural requirements of section 145 of the Election Law must be followed when a Board of Education refuses to place the name of a candidate on a ballot. Subdivision 1 of section 2609 of the Education Law mandates that elections for the Board of Education shall be conducted in accordance with the provisions of the Election Law, relative to general elections, except as otherwise provided therein.
Article 53 of the Education Law provides for school elections in city school districts of a city which has less than 125,000 inhabitants. Briefly, section 2603 provides for and covers the Qualifications of voters; section 2605, Notice of election; section 2606, ¡Registration of voters; section 2607, Inspectors of election; organization; section 2608, Nomination and ballot; and section 2609, Conduct of election; challenges. “ Challenges ” as referred to in section 2609 relates to the challenging of a voter and not the eligibility of a candidate for the office of a member of the board of education. The petitioner has not been able to cite any case nor has the court on its own initiative found any case setting forth that section 145 of the Election Law is required to be followed in the present case. The statute and cases are silent. Thus a novel question of law is presented here which requires close analysis. Section 145 of the Election Law sets forth the procedures to be followed in objecting to the nomination of a person for any public office. Such an objection must be in writing and filed with the officer of the board with whom the original petition is filed within three days after the filing of said petition. The Election Law also makes provision for prompt determination of such objection and review of such determination by the courts. (See Election Law, § 330.) Subdivision 2 of section 2608 which permits a board of education to refuse to have the names of ineligible candidates placed on the printed official ballot provides for no notice, no procedure to be followed in objecting to the *1094 nomination of a person, and no opportunity to be heard. Under such circumstances, the summary removal" of a candidate from a ballot at the last moment on the alleged grounds that he or she is ineligible certainly can be said to be subject to attack for failure to meet the due process requirements of the Fourteenth Amendment. Compare paragraph j of subdivision 9 and paragraph (j) of subdivision 11 of section 2553 of the Education Law wjiieh are applicable to the Cities of Albany and Rochester and provide that the Election Law shall apply to independént nominating petitions, for example.
The respondent board takes the position that subdivision 2 of section 2608 gives it unlimited power in that no notice or opportunity to be heard need be accorded a candidate and that subdivision 1 of section 2609 of the Education Law, which makes the provisions of the Election Law applicable to school board elections (except as otherwise provided) relates solely to registration and the process of voting — not to the power of the board to determine who shall be on the ballot.
This interpretation placed upon the Education Law by the respondent board, that is, that subdivision 2 of section 2608 thereof, is the exclusive authority in this regard, renders its action under the facts in this case a violation of the due process clause of the Fourteenth Amendment of the Constitution.
Assuming (and there is no dispute on this point) that a member of a board of education is a public officer, the requirements of due process can only be met by this court’s concluding that section 145 of the Election Law, providing for objections, notice and a hearing within defined time limits, is. applicable in this instance by virtue of subdivision 1 of section 2609 of the Education Law.
The provisions of section 145 of the Election Law were not followed by the respondent board and consequently this court must declare that the action of the said board was without proper authority, unreasonable, unfair in effect, and in violation of the rights of the petitioner herein. In view of the last-minute receipt of the Attorney-General’s opinion, and the complex problem thus presented, no adverse reflection on the motives of the board is intended in the above statement.
However, the participation of the members of the Board of Education who were themselves candidates for the same office does raise some question as to their direct interest in the outcome of the election and the determination that rendered the petitioner an ineligible candidate. The Board of Education, by virtue of the Education Law, is placed in the unusual position of also being its own Board of Elections. Indeed, no other pub- *1095 He elective office can be filled under such conditions. The constitution of the Board of Education under such circumstances may also be subject to legal challenge.
Should the above points be considered as insufficient to determine the respective rights of the parties, we come to the following considerations:
The main issue presented upon this proceeding is the right of candidacy of the petitioner who is 18 years of age. The petitioner as an 18-year-old was enfranchised with the right to vote by the Twenty-Sixth Amendment to the United States Constitution. On June 30, 1971, Ohio became the 38th State to ratify the Twenty-Sixth Amendment which provides: ‘1 The right of citizens of the United States, who are eighteen years of age or older, to vote shaH not be denied or abridged by the United States or by any State on account of age.” The language used in the amendment is substantially identical to that of the Fifteenth and Nineteenth Amendments which extended the franchise by forbidding discriminations on the basis of race or sex.
It is to be noted here that the Education Law, namely, subdivision 2 of section 2012 and subdivision 2 of section 2603 which provide that persons under 21 years of age are not entitled to vote at school board elections, were effectively superseded by the Twenty-Sixth Amendment to the Constitution. Subdivision 7 of section 2502 of the Education Law provides: “ 7. No person shall be eligible to the office of member of the board of education who is not a qualified voter of the city school district and who has not been a resident of such district for a period of at least three years ” (emphasis supplied).
There is no question presented here but that the petitioner was a qualified voter as set forth in subdivision 7 of section 2502 of the Education Law and that the 21-year-old age Hmitation set forth in subdivision 2 of section 2012 and subdivision 2 of section 2603 were superseded by the Twenty-Sixth Amendment. Counsel for the respective parties agreed before the court that this was the case. It would appear that at this point there is no question but that the petitioner was not only a qualified voter but also had the right to be a candidate for the office of a member of the Board of Education pursuant to subdivision 7 of section 2502.
The question then presented is whether subdivision 1 of section 3 of the PubHc Officers Law precludes the petitioner from being a candidate. Subdivision 1 of section 3 thereof provides in part as follows: “ No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto, *1096 have attained the age of twenty-one years, be a citizen of the United States, a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen
It is obvious that the Education Law and the Public Officers Law are in direct conflict as to the eligibility of the petitioner to hold office as a member of the Board of Education in the City of Schenectady. We have, on one hand, an enfranchised voter and a section of the Eduction Law setting forth that the petitioner is a qualified voter and as such is eligible to the office of member of the Board of Education, and on the other hand a section of the Public Officers Law which appears on its face to prohibit the petitioner from aspiring to the office in question. It has been aptly brought to the court’s attention that McKinney’s (Cons. Laws of N. Y., Book 1, Statutes, § 391) provides “if by any fair construction, whether strict or liberal, a reasonable field of operation can be found for two apparently conflicting acts that construction should be adopted.”
An application of said rule of construction should envisage the entire nature of the subject matter involved. The Twenty-Sixth Amendment to the Constitution was remedial in nature and it provided for certain additional rights to a group that previously did not have the right to vote. A further close examination of the Education Law reveals that the Legislature of the State of New York provided in detail in the Education Law for the qualification of a voter in its election as well as that of a candidate for the position of member of the board of education. That is, we have here specific acts of the Legislature dealing with a specific field, namely, voter and candidate qualifications. It is a well-established principle of construction that general statutes must yield to specific statutes when both deal with the same general subject matter. Subdivision 7 of section 2502, subdivision 2 of section 2603, and subdivision 2 of section 2012 of the Education Law deal with voter eligibility and candidacy qualifications of school boards. The Public Officers Law of the State of New York relates to the general qualifications of holding public office in the State of New York unless it is otherwise qualified by specific statutes to the contrary. The apparent conflict between the Public Officers Law and the Education Law dispels itself when both are given effect and one applies to general civil office and the other applies solely to being a candidate for member of the board of education.
It is to be noted here that there are differing age limitations for other types of public office. Police officers are public offi *1097 cers within the meaning of the Public Officers Law. . However, the Civil Service Law mandates that persons who are 20 years of age may be policemen (see Civil Service Law, § 58, subd. 1, par. [a]).. State Youth Commission members are also public officers (cf. 1965 Opn. Atty. Gen. [Inf.]). Two of such members are statutorily required to be between the ages of 16 and 21. (See Executive Law, § 413.)
This court does not hesitate to state and declare that the State has the right to set qualifications for voters and for public office so long as it is done in accord with the Constitution and the due process and equal protection clauses of the Fourteenth Amendment. The right to become a candidate for a school board, like the right to vote, is a right or privilege of State citizenship. The awarding of the ballot to those 18 years of age and older without the concurrent ability to hold office on school boards or without being able to vote for one representing their viewpoint raises a serious question under the equal protection clause of the Fourteenth Amendment as well as the First Amendment which has been construed to protect the right of association. Political equality is not accorded through merely enfranchising someone 18 years of age without permitting those so enfranchised to become candidates for office. The 18 through 20 age group now has the right to associate and advance its own programs and philosophy through the political process regardless as to whether other groups may or not agree. The right to associate and to advance one’s beliefs through the ballot box is one of our most precious freedoms. If one is unable to vote for a candidate expressing his views, his right to vote may very well become meaningless. A restriction on candidates can very well eliminate an effective participation by the electorate. This court is mindful that there are age requirements in the United States Constitution for certain Federal offices and that the State may have a compelling interest to require certain age qualifications for certain types of office which are not presently before this court.
We are all well aware that one’s thinking and philosophy can differ substantially with age; however, so long as it is the law of the land that 18-year-olds have the right to vote it is only reasonable to state that this right is of little use or value without the concurrent right to hold office where there is no compelling State interest that would preclude one from office on account of age; and this is a matter for the legislative process to specifically provide for, if such is the will of the people.
This court determines that the petitioner was a qualified candidate and that the action of the Board of Education in locking *1098 the petitioner’s name off the ballot was in violation of State law and United States Constitution as discussed above. The court therefore directs that a new election is to be held.
Counsel for the respective parties are to be commended for their fine method and manner of presentation of this case before the court.