Roy James POWELL and Georgia Marie
POWELL *v.* STATE of Arkansas

CR 76-68                               540 S.W. 2d 1

Opinion delivered September 13, 1976

*Skillman, DeWitt & Davis,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. For reversal of their convictions for possessing more than an ounce of marijuana with intent to sell and deliver, the appellants, Roy James Powell and Georgia Marie Powell raise the following issues:

1. The trial court erred in not granting appellants' motion to quash search warrant and to suppress any items obtained from such search.

2. The trial court erred in not directing a verdict for appellants.

3. The trial court erred in not permitting appellants to impeach the testimony of witness, Joe Morgan.

4. The trial court erred in not permitting appellants to introduce into evidence the petition to revoke suspended sentence of witness for the State, Joe Morgan.

5. The trial court erred in not ordering the return of appellant, Roy James Powell, funds confiscated by the officers.

The facts stated most favorably to the jury's findings show that after an informant, Joe Morgan, had made a purchase of a lid of marijuana from the Powells with a marked $20 bill, a search warrant was obtained to search the home. When the searching officers knocked on the door of the

Powell home, there was some resistance by Mr. Powell while Mrs. Powell was seen running through the house and handling a plastic bag. Joe Morgan testified that when he purchased the lid of marijuana, he gave the marked $20 bill to Mrs. Powell and that she went into another room and got him the marijuana and brought him his change — the lid cost $15.00. At the time of the search and arrest $1,264.00, including the marked $20 bill, was taken from the Powells.

POINT I. The attack upon the search warrant is two fold—*i.e.* (1) there is no statutory authority for city officers to serve a search warrant and (2) Officer Presley, who signed the affidavit for the search warrant had no reason to believe Joe Morgan. We find no merit in either contention. Ark. Stat. Ann. § 43-204 authorizes a search by a "public officer" and the city police would certainly fall within the definition of a public officer.

To support the argument that Officer Presley had no reason to believe Joe Morgan, the appellants rely upon portions of Joe Morgan's testimony elicited at the criminal trial to collaterally attack the affidavit presented to the magistrate who issued the search warrant. However, we held in *Liberto & Mothershed* v. *State,* 248 Ark. 350, 451 S.W. 2d 464 (1970), that the validity of the issuance of a search warrant could not be retrospectively attacked by the production of other evidence.

POINT II. We find no merit to the contentions of either of the Powells that they were entitled to a directed verdict. The testimony of Joe Morgan is sufficient to sustain the verdict when viewed from the substantial evidence rule applied to jury verdicts. In addition there was other evidence from the searching officers that tied both of the Powells to the possession for sale of the drugs.

POINTS III & IV. In making the contentions that they were entitled to impeach the credibility of Joe Morgan's testimony on collateral matters appellants recognize that we have ruled to the contrary in *Spence* v. *State,* 184 Ark. 139, 40 S.W. 2d 986 (1931), and in *Swaim* v. *State,* 257 Ark. 166, 514 S.W. 2d 706 (1974), but suggest that those authorities should be overruled. We decline to overrule those authorities which

are based upon Ark. Stat. Ann. § 28-707 (Repl. 1962). Without the restriction on collateral matters a simple trial could be carried on for years. The rule applies also to impeachment of a witness where an indictment has been returned against him, *Anderson v. State,* 34 Ark. 257 (1879).

POINT V. Appellants assert that the trial court relied upon Ark. Stat. Ann. § 43-2403 (Repl. 1964), for not returning the money taken from them at the time of the search and arrest. The State contends that the possession of a large amount of cash money had independent relevance to the charge and that the State properly held it for evidence. Except for the marked $20 bill that was in the possession of Powell at the time of his arrest, we can find no authority that would support the confiscation of the Powells' money pending the trial. Ark. Stat. Ann. § 43-2403, was before this court in *Lawson v. Johnson & Ashley,* 5 Ark. 168 (1843), and we there stated:

> "This provision of law, we have no doubt, creates a lien in favor of the State, on all of the property of a person charged with a criminal offence, wheresoever it may be within the limits of the State, which attaches upon and binds it, not only in the hands of the accused, but also in the hands of any other person who shall, in any manner, possess or hold it, from the time of the arrest or indictment found, as mentioned in the Statute, until the accused is discharged from the prosecution, or such fines and costs, as shall be adjudged against him, are paid. But it surely was not the design of the law to confiscate the property of the accused, or to divest him of the possession or use of it pending the prosecution."

Except for the marked $20 bill, the money taken from the Powells should have been returned upon a signed receipt identifying the amount and kind of bills. To hold otherwise would run the risk of confiscating a person's property without due process of law.

However, the marked $20 bill, that was used to purchase the illegal drugs, was specifically identifiable as such and was subject to seizure pursuant to Ark. Stat. Ann. § 43-205 (Supp. 1975).

It accordingly follows that the judgment of conviction is affirmed but the trial court is reversed in so far as it refused to refund the money, other than the marked $20 bill, to the appellants.

Affirmed in part and reversed in part.

We agree: HARRIS, C.J., and HOLT and ROY, JJ.