HON. DONALD L. CROWLEY County Attorney, Wayne County
This is in response to your letter inquiring of this office whether a county probation officer may also serve as a part-time police officer for a village located within the same county.
Section 256(1) of the Executive Law requires each county to maintain or provide for a probation agency to perform probation services. Section 257(4) of said law provides as follows:
 "4. It shall be the duty of every probation officer to furnish to each of his probationers a statement of the conditions of probation, and to instruct him with regard thereto; to keep informed concerning his conduct, habits, associates, employment, recreation and whereabouts; to contact him at least once a month pursuant to rules promulgated by the state director of probation; to aid and encourage him by friendly advice and admonition, and by such other measures as may seem most suitable to bring about improvement in his conduct, condition and general attitude toward society. Probation officers shall report to the head of the probation bureau or department who shall in turn report in writing to the court and the state director of probation at least monthly or where there is no bureau or department, directly to the court and the state director of probation concerning the conduct and condition of probationers; keep records of their work as probation officers, keep accurate and complete accounts of all money collected from probationers; give receipts therefor and make prompt returns thereof at least monthly; aid in securing employment; perform such other duties in connection with such probationer as the court may direct or as required by the general rules adopted pursuant to section two hundred forty-three of this chapter; and make such reports to the state division of probation as it may require."
A village police officer, whether designated as full-time or part-time, when duly sworn, is a police officer as defined in section 1.20(34) (d) of the Criminal Procedure Law (1971 Atty. Gen [Inf.] Aug. 24).
We are not aware of any constitutional or statutory provision that would prohibit one person from holding both positions simultaneously.
Under the common law, it has been held that two public offices are incompatible when the functions of the two are inconsistent, so that a contrariety and antagonism would result when one person attempts to faithfully and impartially discharge the duties of both (People ex rel.Ryan v. Green, 58 N.Y. 295). A police officer is a public officer (Spencer v. Board of Education of City of Schenectady, 69 Misc.2d 1091), and it appears that a probation officer would also be considered a local public officer (see 1965 Atty. Gen. [Inf.] 78).
An examination of the duties of both positions, however, does not disclose any inherent conflict that would prevent a person from fully and faithfully performing the duties of each.
While there exists no legal incompatibility, it is possible that a conflict in attitudes could develop from acting as a police officer in one instance, and therefore being responsible for, among other things, the apprehension and arrest of those persons charged with violations of the criminal law, while as a probation officer being required to associate with such persons in another context.
It would appear, therefore, that the governing body of the county, as a condition of employment, could prohibit its probation officers from engaging in outside employment as police officers.