David BROWN *v*. STATE of Arkansas

CR 78-83                                          570 S.W. 2d 251

Opinion delivered September 18, 1978
(Division I)

*Buford M. Gardner, Jr.* and *John W. Hockett*, for appellant.

*Bill Clinton*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was found guilty, as a habitual criminal, on each of four counts of burglary, three counts of felony theft, one count of misdemeanor theft and one count of theft by receiving. The sentences, varying from twenty years to one year, were ordered to run concurrently. For reversal appellant first asserts that the court erred in denying his motion to suppress the evidence which was seized in the search of his residence.

The affidavit, signed by Officer Duck, in support of the search warrant stated, *inter alia*, that "Officer Chappelle [his companion] could see a vacuum cleaner in the house through the window." The vacuum cleaner was found in the resultant search. However Officer Chappelle testified at the evidentiary hearing on the motion to suppress that he could not see in the house and did not make this statement to Officer Duck. According to Officer Duck's memory, Chappelle did tell him that he observed a vacuum cleaner as stated in the affidavit. The court found with respect to the conflict in their testimony that it appeared Chappelle had forgotten he had made the statement about the vacuum cleaner. Further, the affidavit related sufficient cause for issuance of a search warrant and denied appellant's motion to suppress.

Appellant argues that this is the only statement of the affiant that could constitute probable cause and, therefore, it invalidated the affidavit, vitiated the search and required suppression of the fruits of the search. He recognizes that our cases hold that the validity or veracity of the issuance of a search warrant cannot be retrospectively attacked by the production of other evidence. *Powell* v. *State*, 260 Ark. 381, 540 S.W. 2d 1 (1976); *Liberto & Mothershed* v. *State*, 248 Ark. 350,

451 S.W. 2d 464 (1970). Appellant however asks us to change this rule to the one enunciated in *United States* v. *Thomas*, 489 F. 2d 664 (5th Cir. 1975) cert. den. 423 U.S. 844, 96 S. Ct. 79, 46 L. Ed. 2d 64 (1975). There the court held:

. . . . [A]ffidavits containing misrepresentations are invalid if the error (1) was committed with an intent to deceive the magistrate whether or not the error was material to the showing of probable cause; or (2) made nonintentionally but the erroneous statement is material to the establishment of probable cause for the search.

Here appellant says, viewing the evidence most favorable, it was a non-intentional misstatement. However, it was material to the establishment of probable cause. We deem it unnecessary and do not reach appellant's argument that this alleged erroneous and material, single statement vitiated the search warrant.

Earlier this year, the United States Supreme Court in *Franks* v. *Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978) held that when the affidavit's false or erroneous material "is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth Amendment, to his hearing. Whether he will prevail at that hearing is, of course, another issue." See also *United States* v. *Marihart*, 492 F. 2d 897 (8th Cir. 1974), cert. den. 419 U.S. 827, 95 S. Ct. 46, 42 L. Ed. 2d 51 (1974); *United States* v. *Carmichael*, 489 F. 2d 984 (7th Cir. 1973); and *United States* v. *Luna*, 525 F. 2d 4 (6th Cir. 1975), cert. den. 424 U.S. 965, 96 S. Ct. 1459, 47 L. Ed. 2d 732 (1976).

Here we review the remaining content of the affidavit. It stated that the Boone County Sheriff's office had received a police report of a burglary that had taken place in Stone County, Missouri; the appellant was the suspect, a warrant was outstanding for his arrest; and a description of him and the location and description of his residence and adjacent travel trailer were given. Officers Chappelle and Duck were notified of this information by the dispatcher. Appellant had had ample time (four hours) to arrive at his Arkansas

residence. As they approached the house, Officer Duck (the affiant) saw a figure of a white male with short hair through a window. Appellant was described as a white male with short brown hair. The officers talked to appellant's wife, who told them that he was not at home and refused them entrance to the house. She did consent to their searching the travel trailer behind the residence after Chappelle told her that he thought he had heard someone moving around in it. There they saw a CB radio and power pack matching a description of items taken in a recent local burglary of Marvin Wolf's residence. No one was found in the trailer. Wolf was brought to the appellant's house. With Mrs. Brown's consent they entered the trailer where Wolf identified the CB and power pack as his. Appellant's wife then refused the officers permission to search the house for other items belonging to Wolf, i.e., a CB speaker and a vacuum cleaner. Officer Duck swore to these facts in his affidavit in support of a search warrant for the residence. The warrant was issued and Duck returned to the house and served it on Mrs. Brown. A search of the house revealed a numerous variety of stolen items including Wolf's vacuum cleaner. Also several stolen guns were recovered.

We hold that when Chappelle's denial of the accuracy of the affidavit that he could see a vacuum cleaner through a window is not considered, "there remains sufficient content in the warrant affidavit to support a finding of probable cause." Certainly we cannot set aside the trial court's finding as being clearly against the preponderance of the evidence. *State* v. *Osborn,* 263 Ark. 554, 566 S.W. 2d 139 (1978).

Appellant next contends that the court erred in finding ten previous convictions from the state of Florida in the determination of finding that appellant is a habitual offender. The state introduced certified copies of eleven judgments and also introduced the certified copies of appellant's prison records. Each judgment, rendered the same day, reflected a sentence of two years. Ten of the judgments cross-referenced each other, stating that they would run concurrently. The eleventh judgment was not mentioned in the other ten but it stated that it would run concurrently to them. The court found, sitting as a jury on the habitual criminal issue, that appellant had ten prior convictions and did not consider the eleventh.

No error is demonstrated. Ark. Stat. Ann. § 41-1001 (Repl. 1977). § 41-1003 provides:

> A previous conviction or finding of guilt of a felony may be proved by any evidence that satisifes the trier of fact beyond a reasonable doubt that the defendant was convicted or found guilty. The following are sufficient to support a finding of a prior conviction or finding of guilty:
>
> (1) a duly certified copy of the record of a previous conviction or finding of guilty by a court of record; or
> (2) a certificate of the warden or other chief official of a penal institution of this state or of another jurisdiction, containing the name and fingerprints of the defendant, as they appear in the records of his office . . . .

Appellant cites us no authority requiring that each judgment cross-reference the others nor, as appellant asserts, each indicate that the plea of guilty was freely and voluntarily made. It is assumed that a defendant who appears in court with an attorney of his own choice has ample opportunity to understand a plea of guilty and the consequences thereof unless the contrary is shown. *Thornton* v. *State,* 243 Ark. 829, 422 S.W. 2d 852 (1968). Nothing to the contrary was shown here. The judgments contained all of the requisite information needed for use in the enhancement of appellant's sentence.

Affirmed.

We agree: GEORGE ROSE SMITH, BYRD and HOWARD, JJ.