STEVE WEBER, Plaintiff-Appellee, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF WHEELING *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—89—2524

Opinion filed September 28, 1990.

Klein, Thorpe & Jenkins, Ltd., of Chicago, and James A. Rhodes, of Wheeling (Arthur C. Thorpe and Patrick L. Lucansky, of counsel), for appellants.

Noel T. Wroblewski, of Combined Counties Police Association, of Wheeling, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:
Wheeling police officer Stephen Weber sent a letter of resignation, with a subsequent effective date, to the Board of Fire and Police Commissioners (Board). Before the effective date, Weber asked the Board to grant him a leave of absence in lieu of resignation. The Board refused, maintaining that because Weber's resignation was irrevocable when filed with the Board, it had no jurisdiction to consider

Weber's request. Weber filed a complaint for administrative review. The trial court found that Weber's resignation was conditional, that he had rescinded it before its effective date, ordered the Board to reinstate Weber, and remanded for hearings to determine back pay and seniority. The Board appeals. For the reasons below, we reverse.

On May 25, 1987, police officer Steve Weber submitted a written resignation to the Board of Fire and Police Commissioners of the Village of Wheeling. The resignation stated: "I am terminating my employment with the Village of Wheeling and the Wheeling Police Department effective (30) calendar days from this date."

On June 16, the minutes of the Board showed that Weber's resignation had been received: "1. From Sergeant Stephen Weber, dated June 15, 1987 regarding termination 30 calendar days from this date or June 24, 1987." The minutes also showed that the Board was conducting a search to fill the vacancy left by Weber.

On June 17, Weber wrote a second letter to the Board, which stated in relevant part:

> "Due to personal and family health reasons, I am asking the board to consider a six (6) month leave of absence in lieu of my resignation. I am further requesting that this leave commence on or before July 1, 1987.
>
> I apologize for such short notice for this request and I understand that if the Board does not see fit to grant the leave I request, I will consider my termination date of June 24, 1987, to stand ***."

On June 19, the Board responded to Weber's request: "Please be advised that the Board has accepted your resignation at our regular meeting of June 16, 1987. Further, any leave of absence requests are not under the jurisdiction of the Board as our Rules and Regulations do not address this matter."

On June 30, the Board held a special meeting to consider Weber's request for a leave of absence in lieu of resignation, but refused on the grounds that once a resignation was filed, the Board had no power to rescind the resignation. Weber's request for a rehearing was refused. Weber filed a complaint for administrative review.

As previously stated, the trial court ruled that Weber's resignation was conditional because it was effective at a future date, and found that Weber had rescinded his resignation before its effective date. The trial court ordered the Board to reinstate Weber and remanded for a hearing on back pay and seniority. The Board appeals.

■■ ■ We initially note that review of the Board's determination lies within the jurisdiction of both the trial and appellate courts. Any

action by the Board to consider Weber's request after his resignation would have implicated the Board's powers under the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 1—2—1.1 *et seq.*), and the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101). The Board exercised its powers under those statutes to determine that it had no jurisdiction to act on Weber's requests. Accordingly, review of the Board's decision was within the jurisdiction of the trial court, and the trial court's order was final, notwithstanding remand, because determination of back pay and seniority would not raise disputed questions of fact; the order entitled Weber to back pay and seniority, and all that was left was the calculation of such by the Board. Supreme Court Rule 301 (107 Ill. 2d R. 301) provides for the appeal of every final judgment by the circuit court.

■ Although the trial court properly reviewed the Board's decision, its reversal of the Board was error. The resignation of a public officer is effective and irrevocable when received by or filed with the officer authorized to fill his vacancy (*People ex rel. Adamowski v. Kerner* (1960), 19 Ill. 2d 506, 512, 167 N.E.2d 555 (*Kerner*)), and that rule applies not only to elected positions, but also to nonelected public officers such as firemen and policemen. (*Stearns v. Board of Fire & Police Commissioners* (1978), 59 Ill. App. 3d 569, 375 N.E.2d 877; *Gras v. Clark* (1977), 46 Ill. App. 3d 803, 361 N.E.2d 316, *appeal denied* (1977), 66 Ill. 2d 630.) Here, the trial court ruled that the subsequent effective date made Weber's resignation conditional, and therefore, *Kerner* was inapplicable. But *Kerner* explicitly applies whether the resignation is effective "forthwith or at a future date." (*Kerner*, 19 Ill. 2d at 512.) Thus, the trial court erred.

■ Weber argues that the policy underlying *Kerner*, that the public must know who is, and who is not, a public officer, should not be applied to police officers, who, Weber contends, are not public officers as contemplated by *Kerner*, but rather "public employees." Weber's distinction, however, is without merit. Section 10—2.1—4 of the Illinois Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 10—2.1—4) provides that full-time members of a regular police department are city officers. (See also *Stearns v. Board of Fire & Police Commissioners* (1978), 59 Ill. App. 3d 569, 572, 375 N.E.2d 877.) Police officers are therefore endowed not only with the benefits and protections, but the duties and limitations, of being a public officer.

■ Weber further argues that Illinois should allow a resignation to be withdrawn before it is accepted or acted upon, or rescinded if the authorizing body consents. *Kerner*, however, decided by the supreme court, holds to the contrary.

Here, notwithstanding Weber's contention that strained family relations negated his intent to relinquish his position, his letter of resignation, dated May 25, unequivocally stated that he would terminate his employment in 30 calendar days. The Board meeting minutes of June 16 show that the letter had been received and acted upon. Even were Weber's proposed rule applied, his resignation was effective and irrevocable when he made his June 17 request for a leave of absence in lieu of resignation, and the Board correctly determined that it had no jurisdiction to consider that request. Accordingly, we reverse the judgment of the circuit court of Cook County.

Reversed.

BUCKLEY, P.J., and CAMPBELL, J., concur.