The Honorable Jack McCoy State Representative 712 McNeil Street Malvern, Arkansas 72104
Dear Representative McCoy:
This is in response to your question for an opinion on the following questions:
 1. Assuming that there is no city or county ordinance or policy prohibiting the same, is it lawful for a certified salaried city or county law enforcement officer to seek election as, and if elected, to assume the duties of a member of the Arkansas General Assembly?
 2. Assuming there is no city or county ordinance or policy prohibiting the same, is it lawful for a member of the Arkansas General Assembly to, after being elected, accept employment as a certified salaried city or county law enforcement officer?
For the reasons that follow, it is my opinion that the answer to both of your questions is "no." Your questions concern "city or county law enforcement officers," and I assume that by this phrase, you are referring primarily to city police officers and sheriffs or deputy sheriffs.
In response to your first question, initial reference must be had to Arkansas Constitution, art. 5, § 7 which enumerates certain officers who are ineligible to the General Assembly. It provides as follows:
 No judge of the supreme, circuit or inferior courts of law or equity, Secretary of State, Attorney General for the State, Auditor or Treasurer, recorder, or clerk of any court of record, sheriff, coroner, member of Congress, nor any other person holding any lucrative office under the United States or this State (militia officers, justices of the peace, postmasters, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly. [Emphasis added.]
As can be seen from the provision above, a sheriff is ineligible for a seat in the General Assembly. It is my opinion that this prohibition applies with equal force to deputy sheriffs. As stated in State Bank v. Curran, 10 Ark. 142 (1849), (interpreting a similar constitutional provision), ". . . the power which is conferred upon the deputy is co-extensive with that of sheriff, and it is the exercise of that power which is prohibited by the constitution." 10 Ark. at 146. See also
A.C.A. §§ 14-15-503 (providing for co-extensive powers), andHensley v. Holder, 228 Ark. 401, 307 S.W.2d 794 (1957).
With respect to city police officers, they may be ineligible to a seat in the General Assembly if they are deemed to hold "any lucrative office under this state." The question then becomes whether the position of city police officer is "any lucrative office under this state." It is my opinion that it might be reasonably construed as such. There is no doubt that the position is lucrative, as it is salaried. The question then becomes whether a city police officer is an "officer under this state." Public officers usually exercise some part of the state's sovereign power. The tenure of office, compensation, and duties are usually set by law. The taking of an oath of office, the receipt of a formal commission, and the giving of a bond all indicate that a public office is involved. Martindale v. Honey,259 Ark. 416, 533 S.W.2d 198 (1976). As was stated in Wood v.Miller, 154 Ark. 318 (1922):
 `A civil office is a grant and possession of the sovereign power.' [Citation omitted.] . . . `Any officer who holds his appointment under the government . . . is a civil officer.' [Citation omitted.] The words `under this State,' as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority. Municipal offices are created by the statutes of this State and are therefore civil offices `under this State.'
154 Ark. at 322, 323, citing State v. Spaulding,102 Iowa 639, and Mechem on Public Officers, § 24.
With these precepts in mind, it is my opinion that a city police officer would in all likelihood be held ineligible to a seat in the General Assembly under Arkansas Constitution, art. 5, §7.[1] See also generally, Powell v. State, 260 Ark. 381,540 S.W.2d 1 (1976) (holding that a city police officer is "certainly" a "public officer" for purposes of serving search warrants), and cases cited in response to Question 2, infra.
In response to your second question (whether a current member of the General Assembly may accept a position as a city or county law enforcement officer), it is my opinion that the answer again, is "no." To answer this question, reference must be had to a different constitutional provision, Arkansas Constitution, art. 5, § 10, which provides that:
 No Senator or Representative, during the term for which he shall have been elected, be appointed or elected to any civil office under this State.
This provision would, in my opinion, would prohibit a General Assembly member from accepting appointment as a city or county law enforcement officer.
We have already noted that sheriffs and deputy sheriffs are "officers" for purposes of the constitution, and it is my opinion that these individuals hold a "civil office under this State."See State Bank v. Curran, supra, and Hensley v. Holder,supra. As such, General Assembly members are prohibited from accepting employment as sheriffs or deputy sheriffs.
As to city police officers, it is my opinion, although there are no squarely applicable cases in Arkansas, that police officers are "public officers" and hold a "civil office under this state." This phrase has been held to encompass an office created by the civil law within one of the only three branches of government.Harvey v. Ridgeway, 248 Ark. 35, 450 S.W.2d 281 (1970). Municipal police officers, in my opinion, are a part of the executive department of government whose duty it is to enforce the law. As such, they exercise part of the sovereign power of the state. As noted previously, our Arkansas Supreme Court has held police officers "public officers" at least for some purposesState v. Powell, supra. Courts across the country appear to be split on the question of whether police officers are public officers for various purposes, but the majority rule appears to be that they are. See, e.g., NLRB v. Jones Laughlin SteelCorp., 331 U.S. 416 (1947), reh. denied, 331 U.S. 868 (1947),motion denied, 332 U.S. 823 (1947); Weber v. Board of Fire andPolice Commissioners of Village of Wheeling, 149 Ill. Dec. 854,204 Ill. App. 3d 358, 562 N.E.2d 318 (1990); Hodgson v.McGuire, 427 N.Y.S.2d 820, 75 A.D. 763 (1980); Spencer v. Boardof Education of City of Schenectady, 333 N.Y.S.2d 308,69 Misc.2d 1091 (1972); Ferraro v. City School Dist. of City ofSchenectady, 331 N.Y.S.2d 490, 69 Misc.2d 800 (1972); State v.White, 81 Wash.2d 223, 500 P.2d 1242 (1972); State ex rel.Mikus v. Hirbe, 5 Ohio App. 2d 307, 215 N.E.2d 430 (1965) aff'd.7 Ohio St. 2d 104, 218 N.E.2d 438 (1966). See contra, Cityof Jackson v. Little, 248 So.2d 795 (Miss. 1971), Hickman v.City of Portsmouth, Ohio, 187 N.E.2d 653 (Ohio 1962), andJordan v. Kane, 389 Pa. 1, 131 A.2d 364 (1957).
In light of the above, it is my opinion that a member of the General Assembly would be prohibited by Arkansas Constitution, art. 5, § 10 from accepting employment as a city police officer or sheriff or deputy sheriff.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The "separation of powers" doctrine contained in Article 4, § 2, may also be implicated by your questions. Although there appears to be some confusion as to whether this provision is applicable to local offices, see Peterson v. Culpepper,72 Ark. 250, 79 S.W. 783 (1906) and State ex rel. Murphy v.Townsend, 72 Ark. 180, 79 S.W. 782 (1904), a local law enforcement officer clearly exercises executive power, and a member of the General Assembly exercises legislative power.