THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE SCALISE, Relator, *v.* WARDEN OF EIGHTH DISTRICT, NEW YORK CITY PRISON, Respondent.

Supreme Court, Special Term, Bronx County, July 22, 1941.

*David Stein,* for the relator.

*Thomas E. Dewey, District Attorney* [*Nathaniel Kaplan* and *Herbert J. Fabricant* of counsel], for the respondent.

EDER, J.   The Court of General Sessions of New York County, upon application of the district attorney, made an order directing the warden of Sing Sing Prison, where relator was confined under sentence for a felony conviction, to deliver him to the sheriff of New York county; the sheriff was directed to deliver relator to the warden of the Eighth District Prison, Bronx County, and he, in turn, was directed to deliver relator to a police officer for the purpose of taking him to the office of the district attorney, to be there interrogated with respect to an investigation being conducted by him. The affidavit upon which the order was procured fails to show that any criminal action is *pending,* or that there is any investigation *pending* before the grand jury in which relator's testimony is sought. The order was made pursuant to section 10-c of the Code of Criminal Procedure, entitled " Order to bring up prisoner to testify as witness," which reads as follows: " A court of record, other than a Justice's Court of a city, or a judge of such a court, or a justice of the Supreme Court, has power, upon the application of a party to a criminal action or proceeding *pending* therein, to make an order for the purpose of bringing before the court, a prisoner, detained in a jail or prison within the State, to *testify* as a *witness* in the *action* or *proceeding* in behalf of the applicant."   (Italics mine.)

This plainly has reference to a case where it is sought to obtain the attendance of an imprisoned person to testify as a witness either before a court or the grand jury in a pending matter.   There is absolutely no authority for the practice or the course of procedure which prevailed here, and the order obtained is a nullity.   The relator is being illegally detained in the present place of confinement.

If the district attorney desires to interrogate the relator there is the simple procedure of presenting the matter to the grand jury for investigation and procuring the relator's attendance *before it* as a witness in a pending investigation, by order or writ of *habeas corpus ad testificandum.*

The writ is sustained and the relator is ordered returned to the warden of Sing Sing Prison.