■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINIC OLIVERI, Appellant.— Judgment affirmed. Memorandum: "For more than three centuries it has now been recognized as a fundamental maxim that the public (in the words sanctioned by Lord Hardwicke) has a right to every man's evidence." (8 Wigmore, Evidence [McNaughton Rev.], § 2192, p. 70.) Appellant was confined in Erie County Penitentiary. A Grand Jury sitting in that county desired to have his testimony. A subpoena issued by the District Attorney was served upon him. It is not disputed that the copy thereof contained the name of a former District Attorney and that the original (correctly indorsed) was not exhibited to appellant. (Cf. Code Crim. Pro., § 615.) It is similarly conceded that the jailer transported appellant before the Grand Jury without an order as authorized by section 10-c of the Code of Criminal Procedure. This did not justify the refusal of appellant to be sworn and thereby to deprive the Grand Jury of the benefit of his testimony. His conduct in so doing was a contempt of court within the meaning of subdivision 6 of section 600 of the Penal Law. Section 10-c of the Code of Criminal Procedure is an enabling act authorizing courts of record to direct the production in court of one confined in a penal institution to testify as a witness. The statute had its genesis in the ancient writ of habeas corpus *ad testificandum* which was issued "when it is necessary to remove a prisoner, in order to * * * hear testimony in any court". (*Ex parte Bollman*, 8 U. S. 75, 97; see, also, 4 Crauch, Habeas Corpus ad Testificandum Ann. Cas. 1915 D 1028.) Here the keeper of the penitentiary saw fit to produce appellant before the Grand Jury by virtue of the subpoena and without benefit of an order as provided in section 10-c. If the keeper "chose to obey the order, although irregular, and to produce the witness, no harm has come to the defendant, and it is a matter with which he has no right to concern himself." (*People* v. *Sebring*, 14 Misc. 31, 34.) In other words, the failure to obtain an order to produce appellant in conformity with section 10-c was a deficiency available to the keeper of the jail but was not a refuge to which appellant could retreat and then refuse to be sworn and to testify. The test is not one of the mode of securing the attendance of the witness but one of jurisdiction. A witness may be found guilty of contempt for a refusal to be sworn or to testify "provided always the court have jurisdiction of the controversy or proceeding in which the witness is required to give his evidence." (Rapalje, Law of Witnesses, p. 522.) Here no constitutional rights of appellant are involved and his reliance upon authorities such as *People* v. *Steuding* (6 N Y 2d 214) is misplaced. The demand to give testimony before a tribunal having jurisdiction of the subject matter "comes, not from any one person or set of persons, but from the community as a whole — from justice as an institution and from law and order as indispensable elements of civilized life." (8 Wigmore, Evidence [McNaughton Rev.], § 2192, pp. 72–73.) See, also, *Matter of*

*Barbara* (7 A D 2d 340, 343) where the court, after quoting the foregoing statement, wrote that when " explicit knowledge of the particular demand [to appear as a witness] was conveyed to the witness, public policy forbade that he be advantaged by his own willful and obstructive acts in prevention of what had then become the purely technical gesture of delivery of the subpœna to his physical possession." All concur, except McClusky, J., who dissents and votes to reverse and dismiss the indictment in the following memorandum: The facts herein are comparatively simple. The appellant was indicted for failure to be sworn as a witness before the Grand Jury in violation of subdivision 6 of section 600 of the Penal Law. In March, 1961 the appellant was serving a sentence in the Erie County Jail for contempt. On March 1, 1961 a subpœna was issued by the District Attorney directing him to appear on March 2, 1961 before the Grand Jury. The service of the subpœna was defective inasmuch as the original subpœna was not served nor was it read or exhibited to the appellant. The copy served on him was subscribed by a former District Attorney of Erie County and not the current one. On the return day of the subpœna he was brought from the County Jail by a Deputy Sheriff without an order of any semblance of compliance with section 10-c of the Code of Criminal Procedure. He refused to be sworn because he claimed his presence was illegal and improper. Because of such refusal, the foreman did not administer the oath and he was returned to jail to complete his sentence. The position taken by the appellant was that in order to have compelled him to testify before the Grand Jury he must have been brought before that body by proper legal means. He was serving a sentence · for a contempt under the Judiciary Law. Being a prisoner he had no choice except as might be exercised under the circumstances presented. Not exactly in point but appropriate to show the extent to which section 10-c may be used is *Matter of Erickson* v. *Williams* (277 App. Div. 696, affd. 302 N. Y. 656). Therein an order was received under the relevant section to compel attendance before the former Kefauver Committee. The case of *People ex rel. Scalise* v. *Warden* (176 Misc. 816) is an approximation of the situation involved here. An order of the Court of General Sessions directed the Warden of Sing Sing Prison, where the relator was then confined under sentence, to deliver him to the Sheriff of New York County and the Sheriff was directed to deliver him to the Warden of the Eighth District Prison, and he in turn was to deliver him to a police officer to take him to the District Attorney's office. There was no criminal action pending. The court granted the writ holding that the only way to secure the testimony of the relator was under section 10-c to testify either before the court or a Grand Jury. The case of *Maxwell* v. *Rives* (11 Nev. 213) is clearly distinguishable for it dealt with a witness testifying on a deposition similar to testifying in open court and made no distinction between the methods of testimony. I submit that the many irregularities in this case together with the failure to secure an order under section 10-c of the Code of Criminal Procedure vitiate the contempt proceedings. (Appeal from judgment of Erie County Court convicting defendant of criminal contempt.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.