OPINION OF THE COURT
Edward M. Murray, J.
This is a motion by the claimant pursuant to CPLR 2302 (subd [b]) for the issuance of subpoenas to compel the attendance at trial of 12 inmates at correctional facilities. The claim is based on the alleged negligence of employees of the State of New York in failing to safeguard the claimant who was a prisoner at the Clinton Correctional Facility on June 13, 1980. The claim is for $2,510,000. In his moving affirmation claimant’s attorney states that the claimant has no funds to bear the cost of transporting him and, therefore, requests that the costs incurred by the State for transporting and housing the claimant be paid out of any recovery in this action. No mention is made of the cost of transporting the 12 witnesses. The attorney further states that the claimant has completed five years of an eight-year to life sentence. The Assistant Attorney-General has opposed the application for the reason that there is no showing of the relevance of the testimony of each inmate; that security problems would be amplified by the production of so many inmates, nearly all of whom are incarcerated in maximum security facilities and there is no provision in the law requiring the State of New York to bear the expense of transporting, housing and guarding *1028 inmate witnesses. The Assistant Attorney-General suggests that proper use of discovery proceedings would obviate any need for producing the witnesses in court.
CPLR 2302 provides that a subpoena to compel the attendance of a prisoner shall be issued by the court. The reason for the requirement is to permit the court to exercise discretion in requiring the attendance of prisoners at a trial. A court should not, without a compelling necessity, require the Department of Correctional Services to transport 12 prisoners to a central point from such widely separated locations as Clinton, Greenhaven, Great Meadow, Sing Sing, Eastern and Auburn. The security problem is serious and the expense would be burdensome to the taxpayers of the State of New York.
The claimant is not without a remedy. A detailed statement of the necessity for an examination before trial might well constitute the special circumstances which would authorize the court to order the examination of nonparty witnesses. The provisions of CPLR 3117 would permit such depositions to be used on the trial.
The claimant would probably have to pay for any of the expenses of an examination of nonparty witnesses. Section 79 of the Civil Rights Law specifically states that the State shall not be liable for any expenses related to this action. The Department of Correctional Services shall not be required to perform any services related to this action with the exception of the expense of transporting the claimant to the place of trial. Furthermore, the Third Department of the Appellate Division has ruled with respect to expenses of depositions: “There are no available statutory provisions which would support the Court of Claims assessment of any expenses against the State”. (Mapp v State of New York, 69 AD2d 911, 912.)
The provisions for transporting the claimant to the place of trial are contained in section 79 (subd 3, par [b]) of the Civil Rights Law. That section provides that where the claimant is permitted, in accordance with any other law, to proceed as a poor person, the expense of transporting claimant shall be a State charge. There has been no formal application for claimant to proceed as a poor person. The *1029 County Attorney of Clinton County has not been served with a notice of this motion as required by CPLR 1101 (subd [c]).
After reviewing the facts, the law and the inevitable expense and hardship which would be created by granting the motion, the court has concluded that the subpoenas should not be issued.