OPINION OF THE COURT
Peter C. Patsalos, J.
On December 9, 1987, Cornwall Central School District submitted to voters a proposition calling for ”[t]he reconstruction of existing school buildings * * * and * * * [t]he general improvement of the entire district-wide school grounds”. That proposition was defeated by a vote of 896 to 722. Thereafter, *430 defendant School District called a special meeting for February 24, 1988 at which time a vote was to be taken on two propositions, the first calling for "[t]he reconstruction of existing school buildings * * * and * * * [t]he reconstruction and enlargement of service roads, playgrounds, sidewalks and curbing including ramps for the handicapped” and the second (if the first was approved), "general improvements of the entire district-wide school grounds to include expansion of parking areas”. This lawsuit followed.
Preliminarily, the court rejects defendant’s contention that it lacks jurisdiction over this matter by reason of Education Law §§ 310 and 2037. In his papers, plaintiff does not claim an abuse of discretion on defendant’s part in calling the February 24th special meeting, uncontested as it is that defendant’s "improvement program was decided upon * * * after close to two years of study of the Defendant’s physical plant and facilities and with the guidance and recommendation of a firm of school architects”; that this program "represents a long range plan for Defendant, the first step of which was accomplished by the construction of a relocatable four-classroom building which the qualified voters of Defendant approved in 1986”; that "defendant has a responsibility and fiduciary duty as public trustees to maintain and to provide adequate, up-to-date physical facilities”; and "there is a reasonable chance of approval of [the] expenditure propositions” (see, Education Law § 2007 [1]). Nor does plaintiff claim that the proposed vote violates any statute on its face (Education Law § 416 [6], restricting a vote only when "propositions for the construction of a new schoolhouse or an addition to a present schoolhouse” are at issue, concededly not the case here). Rather, plaintiff’s sole claim is that "if the defendant School Board is permitted to put the same vote up again on February 24, 1988, the Constitutional Rights of the plaintiff will be violated in that he will not be receiving equal protection under the Law * * * [i]n view of the fact that those who voted for the bond issue are able to have another vote whereas of [sic] those who voted against it were not”. In view of the claimed unconstitutionality in "the application of the law” and deprivation of rights, this case was properly brought in. this court (see, Board of Educ. v Rickard, 32 AD2d 135; Primps v Board of Educ., 63 Misc 2d 931).
Turning to the merits, however, the court cannot agree with plaintiff’s underlying premise that the vote proposed for February 24, 1988 is "the same” as the December 9th vote. *431 Although concededly related to the same improvement program, the two resolutions to be presented on February 24, 1988 are more specific than the prior one and offer the voters a singular opportunity to approve certain of the funds requested in the original vote, while disapproving others. In any event, the court is hard pressed to understand how plaintiff’s constitutional rights will be violated by the February 24th vote. Plaintiff certainly had the right to vote on December 9, 1987 and will have the same right at the February 24, 1988 meeting. Furthermore, while much has been made of defendant’s supposed reaction to a hypothetically affirmative December 9th vote, the fact is that the law expressly makes provision for a potential rescission or modification of a vote to raise money, and it is far from conclusive on this record what action defendant might have taken had the December 9th vote been in the affirmative (see, Education Law § 416 [5]).
The court may sympathize with plaintiff, but it is its function here to interpret the law as written, not make law. After a careful review of the record and based upon present law, then, the court is forced to conclude that there is no basis upon which relief sought on this motion or in the complaint can be granted (see, CPLR 3211, 6301, 6312; Margolies v Encounter, Inc., 42 NY2d 475, 479-480; Lighthouse Shores v Town of Islip, 41 NY2d 7, 11; Henry v Suffolk Home Distrib., 118 AD2d 685). The court hastens to add, however, that plaintiff is not without recourse. He may petition the Legislature to modify the law to prohibit a second vote of this nature (see, Education Law § 416 [6]); he may also endeavor to defeat at the next school board election members of the board who are unsympathetic to his viewpoint; and he may even run for school board office and, if successful, vote his viewpoint in that forum.
Accordingly, the instant motion is denied, the cross motion is granted, the complaint is dismissed, and the temporary restraining order contained in the order to show cause dated January 7, 1988 is hereby rescinded.