

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 3, 2004

The Honorable Ken Armbrister
Chair, Natural Resources Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. GA-0161

Re: Whether a municipal court may reschedule a qualified, nonexempt prospective juror's jury service for medical or hardship reasons without requiring the veniremember to appear in court (RQ-0109-GA)

Dear Senator Armbrister:

On behalf of *The Fayette County Record* in La Grange, you ask whether a municipal court may reschedule a qualified, nonexempt prospective juror's jury service for medical or hardship reasons without requiring the veniremember to appear in court.[1]

In connection with your request, we have received a letter from the City of La Grange (the "City") setting out facts that the City indicates underlie the request. *See* City of La Grange Letter, *supra* note 1, at 1. Preliminarily, the City states that its municipal court is not a court of record. *See id.* According to the City, prior to September 2003, the municipal court judge interpreted the law to preclude the court from verbally granting, prior to the specified court setting, a veniremember's "telephonic request[] to be excused from jury service for reasons other than the existence of a statutory exemption or a matter of statutorily established disqualification." *Id.* Under that interpretation, the court would grant such a request only when the prospective juror was present in court on the date set forth in the summons. *See id.* In September 2003, however, the court, with the advice of the city administrator and the city attorney,[2] established a new procedure for rescheduling a prospective juror's jury service:

> Under the . . . procedure, a [prospective] juror may submit a request
> in writing prior to the date set forth in the summons for the date of his
> or her jury service to be rescheduled for the next jury court setting.

---

[1]*See* Letter from Honorable Ken Armbrister, Chair, Natural Resources Committee, Texas State Senate, to Ms. Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (Sept. 18, 2003) (on file with Opinion Committee); *see also* Letter from Maria Angela Flores Beck, La Grange City Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Oct. 27, 2003) (on file with Opinion Committee) [hereinafter City of La Grange Letter].

[2]*See* Telephone Conversation with Maria Angela Flores Beck, La Grange City Attorney (Jan. 13, 2004).

> Thus, the [prospective] juror seeks, in writing, a rescheduling of his/her jury service, not an excuse from service altogether. That request may . . . be considered and granted prior to the date set forth in the summons.

*Id.* at 2.

A municipal court is established by statute in each municipality. *See* TEX. GOV'T CODE ANN. § 29.002 (Vernon 1988); *see also id.* §§ 29.001, .003 (Vernon 1988 & Supp. 2004) (defining the term "municipality" and defining municipal courts' jurisdiction). If a defendant in municipal court does not waive trial by jury, the judge must command "the proper officer to summon a venire from which six qualified persons shall be selected to serve as jurors in the case." TEX. CODE CRIM. PROC. ANN. art. 45.027(a) (Vernon Supp. 2004). A prospective juror "who fails to attend may be fined an amount not to exceed $100 for contempt." *Id.* art. 45.027(c).

> A person is disqualified from serving on a municipal court jury if he or she:
>
> (1) is less than 18 years of age;
>
> (2) is not a citizen of the municipality, county, and state in which the court sits;
>
> (3) is not qualified to vote in the municipality, county, and state;
>
> (4) is not of sound mind or of good moral character;
>
> (5) is unable to read and write in English;
>
> (6) has served as a petit juror for six days during the preceding three months in the county court or during the preceding six months in the district court;
>
> (7) has been convicted of a felony; or
>
> (8) is under indictment or other legal accusation of misdemeanor or felony theft or any other felony.

*See id.* arts. 35.12, .16 (Vernon 1989 & Supp. 2004); TEX. GOV'T CODE ANN. §§ 62.102, .501 (Vernon 1998); *see also* TEX. MUN. COURTS EDUC. CTR., BENCH BOOK 8-13 to 8-14 (4th ed. 2001), *available at* http://www.tmcec.com/benchbook4.html [hereinafter MUNICIPAL COURTS' BENCH BOOK] (listing disqualifying factors).

A qualified veniremember may be exempt from jury service; if so, he or she may, but is not required to, claim an exemption from serving. *See* TEX. GOV'T CODE ANN. § 62.106(a) (Vernon Supp. 2004); *see also* MUNICIPAL COURTS' BENCH BOOK, *supra*, at 8-14 to 8-16 (listing exemptions). A qualified juror may establish an exemption if he or she:

(1) is over 70 years of age;

(2) has legal custody of a child or children younger than 10 years of age and the person's service on the jury requires leaving the child without adequate supervision;

(3) is a student of a public or private secondary school;

(4) is . . . enrolled and in actual attendance at an institution of higher education;

(5) is an officer or an employee of the senate, the house of representatives, or any department, commission, board, office, or other agency in the legislative branch of state government;

(6) is summoned for service in a county with a population of at least 200,000, unless that county uses [an electronic or mechanical method of selection authorized by section 62.011 of the Government Code,] and the period authorized under Section 62.011(b)(5) exceeds two years, and the person has served as a petit juror in the county during the 24-month period preceding the date the person is to appear for jury service;

(7) is the primary caretaker of a person who is an invalid unable to care for himself;

(8) [unless the county's jury wheel has been reconstituted since the person's prior jury service,] is summoned for service in a county with a population of at least 250,000 and the person has served as a petit juror in the county during the three-year period preceding the date the person is to appear for jury service; or

(9) is a member of the United States military forces serving on active duty and deployed to a location away from the person's home station and out of the person's county of residence.

TEX. GOV'T CODE ANN. § 62.106(a) (Vernon Supp. 2004); *see also* MUNICIPAL COURTS' BENCH BOOK, *supra*, at 8-14 to 8-16 (listing exemptions). Medical excuses and other hardship excuses are not permissible statutory reasons for disqualification or an exemption.

We understand that the municipal court modeled its rescheduling procedure on the system that may be used in county courts. *See* Telephone Conversation, *supra* note 2. Section 62.0111 of the Government Code, in conjunction with sections 62.011 and 62.110, expressly permits a county commissioners court to implement a system for postponing jury service in its county courts prior to the date the venire is to appear in court. *See* TEX. GOV'T CODE ANN. §§ 62.011, .0111, .110 (Vernon 1998 & Supp. 2004). Under these statutes, a county that implements an electronic or mechanical system for selecting veniremembers may allow a prospective juror to respond to a jury summons via computer, an automated telephone system, or by "appearing before the court in person." *Id.* § 62.0111(a) (Vernon Supp. 2004); *see id.* § 62.011(a) (Vernon 1998) (permitting a commissioners court to adopt a plan for selecting a venire using "electronic or mechanical equipment instead of drawing the names from a jury wheel"). In a response by computer or automated telephone system, the veniremember may submit information that he or she is disqualified for or exempt from jury service or may request that his or her jury service be postponed. *See id.* § 62.0111(b). A designee of the court may hear a prospective juror's "reasonable excuse . . . and . . . release him from jury service until a specified day of the term." *Id.* § 62.110(b) (Vernon 1998); *accord* TEX. CODE CRIM. PROC. ANN. art. 35.03, § 2 (Vernon 1989) (permitting, "[u]nder a plan approved by the commissioners court," a court's designee to hear a veniremember's excuse, and if he finds the excuse sufficient, to postpone the juror's service). *But see* TEX. GOV'T CODE ANN. § 62.110(c) (Vernon 1998) (prohibiting a court or a court's designee from excusing "a prospective juror for an economic reason unless each party . . . is present and approves").

No statute expressly authorizes a municipal court to implement a rescheduling system such as the City describes. Section 62.0111 applies only to county courts. *See id.* § 62.0111 (Vernon Supp. 2004). Two statutes, article 35.04 of the Code of Criminal Procedure and section 62.107 of the Government Code, authorize a prospective juror who is disqualified or who wishes to raise an exemption to establish that fact before the juror is scheduled to appear in court by filing a statement with the clerk of the court. *See* TEX. CODE CRIM. PROC. ANN. art. 35.04 (Vernon 1989); TEX. GOV'T CODE ANN. § 62.107(a) (Vernon 1998). But these statutes do not apply to rescheduling jury service for reasons other than disqualification or exemption.

Nevertheless, a court has inherent authority to excuse or reschedule veniremembers, even before the date set to appear for service. *See Ott v. State*, 627 S.W.2d 218, 227 (Tex. App.–Fort Worth 1981, writ ref'd). In *Ott v. State* the Fort Worth Court of Appeals considered whether a trial court could excuse certain veniremembers from jury service "prior to trial on the court's own motion in the absence of counsel" for reasons relating to business or work, *id.* at 225, and reasons relating to scheduled vacation, *id.* at 227-28. The court concluded that the trial court did not abuse its discretion:

> We think it important to note that the problems of jurors, presented to the trial judge in this case, are somewhat typical and exist in every county in which juries are selected. While jury service is vital and essential, and while most citizens of this state are aware of this, some people called for jury service on relatively short notice[]

> simply have insurmountable problems in serving in a particular week that must be recognized by the trial judge.
>
> Prior commitments of jurors, made sometimes weeks and months before their call to duty, are extremely difficult, if not impossible, to change or postpone. To do so, in many cases, would work severe hardship on the very people on which the jury system in this state depends. The trial court must be allowed some leeway and authority to use some judgment in excusing jurors entirely or in postponing jury service for those individuals.

*Id.* at 227; *accord id.* at 228 (concluding that the trial court did not abuse its discretion to grant vacation requests by either "entirely excus[ing] or . . . postpon[ing] the service to another week"); *see also Bouchillon v. State*, 540 S.W.2d 319, 323 (Tex. Crim. App. 1976) (stating that a district court's procedure of postponing veniremembers' service "is proper upon a request from a juror"); *cf. Matchett v. State*, 941 S.W.2d 922, 932 n.11 (Tex. Crim. App. 1996) (en banc) (recognizing a court's inherent power to adopt procedural rules for managing and administering cases).

Given the court's inherent authority, we conclude that a municipal court may adopt a policy under which it may reschedule a qualified, nonexempt veniremember's jury service for medical or hardship reasons without requiring the prospective juror to appear in court.

## S U M M A R Y

A municipal court may adopt a policy under which it may reschedule a qualified, nonexempt prospective juror's jury service for medical or hardship reasons without requiring the veniremember to appear in court.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee